**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CRAIG OUTLAW, on his own behalf, and
others similarly situated,

                     Plaintiff,

-vs-                                                         Case No.  8:05-cv-2279-T-24TBM

IMAGE-IN TECHNOLOGY, INC., a
Florida corporation,

                     Defendant.

_____

## **O R D E R**

       This cause comes before the Court for consideration of Plaintiff's Motion to Strike Defendant's Second Affirmative Defense to Plaintiff's Complaint  (Doc. No. 6).  Defendant Image-In Technology, Inc. did not file a response in opposition thereto.

       Plaintiff filed an action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) to recover unpaid compensation allegedly owed to Plaintiff and all employees and former employees of Defendant who are similarly situated (Doc. No. 1).  In response, Defendant filed two affirmative defenses (Doc. No. 4).  In his motion, Plaintiff argues that the second affirmative defense should be stricken as it is not recognized as a valid defense under the FLSA.  Defendant's second affirmative defense reads as follows:

> As a separate and complete affirmative defense, Defendant asserts that the Plaintiff is barred by the doctrine of unclean hands.

       Federal Rule of Civil Procedure 12(f) provides that the Court may order an insufficient defense to be stricken from a pleading.  "A defense is insufficient as a matter of law only if: (1)

on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires only a short, plain statement of the defense asserted. See id. at 684.  However, when stating an affirmative defense, the defendant must do more than make conclusory allegations; otherwise, the affirmative defense must be stricken.  See id.  In the instant case, the Court finds Defendant's second affirmative defense is nothing more than an improper conclusory statement which must be stricken.

Having considered the motion, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Second Affirmative Defense to Plaintiff's Complaint  (Doc. No. 6) is **GRANTED**.  Defendant's second affirmative defense is hereby **STRICKEN**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of February, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record